IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JASMIN ESTEFANY                          )
MORALES-HERNANDEZ,                       )
                                         )
            Petitioner,                  )
                                         )
v.                                       )        Case No. CIV-26-00953-JD
                                         )
TODD BLANCHE, et al.,                    )
                                         )
            Respondents.                 )

## ORDER

Before the Court is Respondents' Response [Doc. No. 13] to the Court's Order to

Show Cause [Doc. No. 12] following the Tenth Circuit's decision in *Santillan Quiroz v.*

*Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026). While they reserve

their appellate rights and note the petition for a writ of certiorari filed in the U.S.

Supreme Court on the legal issue presented over the application of 8 U.S.C. § 1226(a)

and § 1225(b)(2)(A), Respondents agree that *Santillan Quiroz* controls this Court's

decision in this habeas action.

In accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court

grants in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by

ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226.

The Court, however, declines to address Petitioner's remaining claims. *See Lyng v. Nw.*

*Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and

longstanding principle of judicial restraint requires that courts avoid reaching

constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.").

Consequently, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. A separate judgment will follow.

IT IS SO ORDERED this 7th day of July 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE